IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERRY JONES, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. JRR-21-2853 |
| WARDEN, and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

\*\*\*

## MEMORANDUM OPINION

Petitioner Jerry Jones filed the instant Petition for Writ of Habeas Corpus. ECF Nos. 1, 3 (the "Petition"). Respondents Warden of the Maryland Correctional Training Center and Maryland Attorney General filed a Limited Answer asserting that the sole ground for relief in the Petition presents a non-cognizable request for federal habeas corpus relief. ECF No. 8. No hearing is required. *Rules Governing Section 2254 Cases in the United States District Courts,* Rule 8(a) and Local Rule 105.6 (D. Md. 2023); *see Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition is denied and a certificate of appealability shall not issue.

**I.   BACKGROUND**

On February 11, 2020, Mr. Jones was charged in the District Court of Maryland for Harford County with four misdemeanors, including second degree assault, and felony first degree assault. ECF No. 8-1 at 3. Mr. Jones' initial appearance was held on February 12, 2020. *Id.* at 8. Through counsel, Mr. Jones asserted his speedy trial rights by motion dated February 24, 2020. *Id.* at 8.

A bench trial was held in the state District Court on September 25, 2020. *Id.* at 6. Before entry of verdict, the State dismissed all charges except second degree assault. *Id.* at 6-8. The District Court found Mr. Jones guilty of second degree assault and sentenced him to four years' imprisonment. *Id.* at 5-6.

Mr. Jones filed a Notice of Appeal to the Circuit Court. *Id.* at 5. The District Court's docket sheet indicates that the appeal was "remanded–appeal withdrawn." *Id.* at 5. The docket sheet also shows that Mr. Jones filed several motions for modification of sentence (*id.* at 4-5), that were denied (*id.* at 3-5); the docket sheet notes: "District Ct does not have jurisdiction to grant Postconviction Relief. Case must be filed in Circuit Ct. See Cts. & Jud. Proc. Sec. 7-102(a)." *Id.* at 4.

## II.     ANALYSIS

In his sole ground for relief, Mr. Jones contends that the state trial court violated his right to a speedy trial. Mr. Jones argues that Maryland law requires that the prosecution bring a defendant to trial within 180 days of the appointment or appearance of counsel unless a postponement for good cause is granted by the trial court (per Maryland Rule 4-271(a)(1); known as the "*Hicks* Rule"), but he does not explicitly argue that his constitutional rights to a speedy trial were violated. ECF No. 1, 3.

Although the Sixth Amendment to the United States Constitution provides that a criminal accused enjoys the right to a speedy trial, Maryland's statutory mandate to try the criminally accused within 180 days does not implicate the Sixth Amendment. *Vance v. Bishop*, Civil Action No. ELH-18-133, 2020 WL 2732075, at *9 (D. Md. May 22, 2020), *appeal dismissed and remanded on other grounds*, 827 F. App'x 333 (4th Cir. 2020); *c.f. State v. Hicks*, 403 A.2d 356,

61-62 (1979) (providing that Maryland intended to provide additional statutory rights beyond the minimum threshold established by the Sixth Amendment).

Even assuming that the alleged *Hicks* violation occurred in Mr. Jones's case, it is not a cognizable claim for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").[1]

To the extent Mr. Jones' claim could be construed to bring a federal constitutional claim for a speedy trial violation, it too fails.[2] The Sixth Amendment right to a speedy trial is "'fundamental' and is imposed by the Due Process Clause of the Fourteenth Amendment on the States." *Barker v. Wingo*, 407 U.S. 514, 515 (1972). *Barker* identified four factors that should be balanced in determining whether a defendant has been denied his Sixth Amendment right to a speedy trial: "(1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant." *United States v. Grimmond*, 137 F.3d 823, 827 (4th Cir. 1998) (citing *Barker,* 407 U.S. at 530). "In order to prevail on his claim, [petitioner] must establish that on balance the four separate factors weigh in his favor." 137 F.3d at 827 (internal quotations omitted).

"Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530; *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005). "The length of the delay for speedy trial purposes is

---

[1] Because the court finds that the claim is non-cognizable, the court will pretermit discussion of Respondents' argument that the *Hicks* Rule does not apply to criminal proceedings in Maryland's District Courts. *See* ECF No. 8 at 10-11.

[2] Respondents do not assert that the claim is procedurally defaulted.

measured from the earlier of the date of indictment or the date of arrest." *Cain v. Smith*, 686 F.2d 374, 381 (6th Cir. 1982) (citations omitted). "One year is the 'point at which courts deem the delay unreasonable enough to trigger the *Barker* [i]nquiry." (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)). Here, the statement of charges was filed on February 12, 2020, and Mr. Jones' trial commenced on September 25, 2020. ECF 8-1 at 10, 6. Consequently, the delay is not presumptively prejudicial, and Mr. Jones cannot establish a violation of his constitutional right to a speedy trial.

### III.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.*

Mr. Jones has failed to satisfy this standard on any of his claims.  Therefore, a certificate of appealability shall not issue.

## IV. CONCLUSION

For the foregoing reasons, Mr. Jones' Petition for Writ of Habeas Corpus is DENIED and the court declines to issue a Certificate of Appealability. A separate order follows.

/S/

December 4, 2024

Julie R. Rubin
United States District Judge